UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
At LONDON

Civil Action No. 21-33-HRW

JOHNNY DEAL,                                                                    PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on May 14, 2018, alleging disability beginning on June 30, 2014, due to "left shoulder rotator cuff tear/weakness, limited range of motion in left shoulder, right knee meniscus tear, COPD." (Tr. 234). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maribeth McMahon (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Kenneth Boaz, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 41 years old at the time he alleges he became disabled. He has a 12th grade education (Tr. 235).   His past relevant work experience consists of work as a pipefitter/welder and fabricator (Tr. 235-236).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from left shoulder problems, bilateral knee problems, back problems, carpal tunnel syndrome, COPD, high blood pressure (hypertension), and fainting (syncope), which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments (Tr. 19-20).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 27) but determined that his has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)2 (lifting and carrying up to 10 pounds frequently and 20 pounds occasionally) that involved occasionally reaching overhead with his left arm; sitting, standing, and walking up to 30 minutes at a time each (and up to six hours per workday each); frequently climbing ramps and stairs, stooping, kneeling, and crouching; occasionally crawling; never climbing ladders, ropes, or scaffolds; and avoiding concentrated exposure to pulmonary irritants, vibrations, unprotected heights, dangerous machinery, and extreme temperatures (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

3

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  **B.** **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate Plaintiff's subjective complaints of pain and (2) the ALJ did not properly address the opinion of Plaintiff's treating physician, Mitchell Wicker, M.D.

  **C.** **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate Plaintiff's subjective complaints of pain and did not properly evaluate the medical evidence.

It is well established that because the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853

(6th Cir. 1986). Although Plaintiff argues that the ALJ failed to consider "his inability to function in his daily activities," the ALJ thoroughly reviewed the record and specifically noted that during the period alleged, treatment records establish that Plaintiff worked full-time, including double shifts. Indeed, the record denotes Plaintiff crawling under houses and laying floor. This evidence is at odds with Plaintiff's subjective complaints of disabling pain. Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

Moreover, the ALJ found that Plaintiff may only work within a limited range of light work, which is an extremely restricted spectrum of activity. In other words, the ALF found that Plaintiff was limited by his impairments, but not to the extent alleged. The Court finds no error in the ALJ's assessment of Plaintiff's subjective complaints.

Plaintiff's second claim of error is that ALJ did not properly address the opinion of Plaintiff's treating physician, Mitchell Wicker, M.D.

The Commissioner significantly changed the way medical source opinions are evaluated for claims filed on or after March 27, 2017, such as Plaintiff's claim. *See* 20 C.F.R. § 404.1520c (2017). As an initial matter, the regulations no longer use the term "treating source"; instead, they use the phrase "your medical source(s)" to refer to whichever medical sources a claimant chooses to use. *Id.* More importantly, following notice and comment, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. As the agency explained, since adoption of the "treating source rule" in 1991, healthcare delivery has changed in significant ways, and the agency's adjudicative experience has shown that the source of an opinion is no longer the most important factor for determining the persuasiveness of the opinion. *Id.*

5

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017). Furthermore, while the agency adjudicator—in this case the ALJ—must articulate his or her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).   The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining. 20 C.F.R. § 404.1520c(b)(3) (2017).

Plaintiff was treated regularly during the period alleged by Appalachian Regional

6

Healthcare ("ARH") for left shoulder pain, knee pain, cough, tooth pain and chronic pain. (Tr. 314-96, 417-758, 850-934, 937-43, 955-1180, 1187-1451, 1532- 74, 1599-1617, 1665-1681, 1697-1743).

On January 10, 2020, Mitchell Wicker, M.D., a physician at the ARH Clinic, completed a questionnaire in which he opined that Plaintiff could lift and carry one to either two or 20 pounds occasionally; could stand/walk two to three hours total per workday; could sit one to two hours without interruption and total per workday; could occasionally balance, crouch, and feel; could never climb, stoop, kneel, reach, handle, push, or pull; and should avoid heights, moving machinery, temperature extremes, chemicals, and humidity (Tr. 1684-86). Contrary to Plaintiff's assertion that the ALJ "completely disregarded" Dr. Wicker's opinion, the ALJ addressed it in detail. The ALJ found that Dr. Wicker's opinion was not persuasive because the doctor provided no supporting clinical observations or findings on the form to support the opined limitations (Tr. 27). Indeed, not only are portions of the form illegible, there is no explanation or objective medical evidence given to support the opined limitations (Tr. 1684-86). As such, the ALJ found the opinion was not adequately supported.

As for consistency, the ALJ found that Dr. Wicker's opinion was not only at odds with the evidence of record, but inconsistent the Dr. Wicker's **own** findings of a normal spine and negative straight leg raise tests and some "haziness at the lesser tubercle" but an otherwise normal left shoulder on x-ray imaging (Tr. 27; see Tr. 421, 434, 857-85). See 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.").

The Court finds that the ALJ properly addressed Dr. Wicker's opinion and that her conclusions as to its weight comply with 20 C.F.R. § 404.1520c(b)(2).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of July, 2022

Signed By:
Henry R Wilhoit Jr.
United States District Judge